# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KNOWLTON,<br><br>　　　　Defendant. | Case No. 1:18-cv-00851-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(ECF No. 6) |

**I.　Background**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the assigned Magistrate Judge issued findings and recommendations in Smith v. Chanelo, Case No. 1:16-cv-01356-LJO-BAM (PC), recommending that: (1) the action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be dismissed for failure to state a cognizable claim. Smith v. Chanelo, ECF No. 16. The Court adopted the findings and recommendations in full on June 20, 2018, and the misjoined claims

1

were accordingly opened as separate actions. (ECF No. 2.) Accordingly, the instant action was opened as Smith v. Knowlton, Case No. 1:18-cv-00851-LJO-BAM (PC). See also Smith v. Weiss, Case No. 1:18-cv-00852-LJO-BAM; Smith v. Gibbs, Case No. 18-cv-00854-LJO-BAM.

In the order adopting the findings and recommendations, the Court also ordered Plaintiff to submit a separate filing fee or an application to proceed in forma pauperis for each of the newly opened actions within thirty days. (ECF No. 2.) Plaintiff's application to proceed in forma pauperis was therefore due on or before July 23, 2018.

During this time, Plaintiff filed several motions in the originating case of Smith v. Chanelo, seeking relief from judgment, a chance to further amend his complaint, and seeking reconsideration of the Court's judgment. Smith v. Chanelo, ECF Nos. 20, 22, 23, 24. After reviewing all of Plaintiff's moving papers, including three proposed amended and supplemental complaints, the undersigned found no grounds that would warrant reconsideration of the earlier decision to sever the case and dismiss the otherwise unrelated claims. Smith v. Chanelo, ECF No. 27.

**II.     Motion for Relief from Judgment**

Currently before the Court is Plaintiff's November 9, 2018 motion for relief from judgment, motion for a preliminary injunction, and proposed amended complaint. (ECF No. 6.) As in Smith v. Chanelo, Plaintiff argues that the Court erred in severing his various claims, and that his proposed amended complaint successfully alleges the existence of a vast and overarching conspiracy among the nearly 100 named defendants employed at multiple correctional institutions, county law enforcement and prosecutorial offices, and state courts. Plaintiff therefore argues that he is further entitled to a preliminary injunction ordering CDCR officials to transfer him to federal custody for his own safety. (Id.)

The Court finds Plaintiff's arguments in this matter as unpersuasive as they were in Smith v. Chanelo. Plaintiff's proposed amended complaint in this action again fails to include sufficient allegations demonstrating that all of the defendants shared the common objective of the conspiracy, and instead relies upon conclusory allegations. Again, the Court finds no grounds that would warrant reconsideration of the earlier decision to sever this case, and the actions and

claims will remain separate.

**III.     Motion for Preliminary Injunction**

To the extent Plaintiff seeks preliminary injunctive relief in this action, the Court does not have jurisdiction at this time to order the relief sought.  Plaintiff does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred between state and federal correctional institutions).  See Meachum v. Fano, 427 U.S. 215, 224–25 (1976); McClune v. Lile, 536 U.S. 24, 38 (2002).

Furthermore, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 101–02 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

At this time, Plaintiff has not yet paid the filing fee or filed an application to proceed in forma pauperis in this action.  The action cannot proceed on the merits until Plaintiff has either paid the filing fee in full or been granted leave to proceed in forma pauperis.  As such, no case or controversy yet exists before the Court in this matter.

**IV.     Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for relief from judgment and motion for preliminary injunction, (ECF No. 6), is DENIED; and
2. This action is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **April 1, 2019**               /s/ Lawrence J. O'Neill
                                                     UNITED STATES CHIEF DISTRICT JUDGE