# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>KNOWLTON,<br><br>    Defendant. | Case No. 1:18-cv-00851-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY AS MOOT<br>(ECF No. 31)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 39)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Procedural History**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Knowlton for excessive force in violation of the Eighth Amendment.

On June 5, 2019, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, and stayed the action to allow the parties an opportunity to settle their dispute before a responsive pleading was filed.  A settlement conference before Magistrate Judge Stanley A. Boone was held on July 12, 2019.  (ECF No. 27.)  The Court was informed that the case did not settle, and the stay was lifted.  (ECF Nos. 26, 28.)

///

1

On July 31, 2019, Plaintiff filed a motion for a stay of the proceedings. (ECF No. 31.) Defendant filed an answer to the complaint on August 2, 2019, and the Court issued a discovery and scheduling order on August 5, 2019. (ECF Nos. 32, 33.) Rather than filing an opposition to Plaintiff's motion for stay, Defendant filed a motion for summary judgment on August 23, 2019.[1] (ECF No. 37.)

Currently before the Court are Plaintiff's motion for stay and Plaintiff's motion for continuance in these proceedings, filed September 16, 2019. (ECF Nos. 31, 39.) Defendant has not yet had the opportunity to file a response to Plaintiff's motion for continuance, but the Court finds a response is unnecessary. The motions are deemed submitted. Local Rule 230(l).

## II.     Motion for Stay

In his motion for stay, Plaintiff argues that due to his being transferred to various institutions just prior to the July 12, 2019 settlement conference, he was not adequately prepared to litigate his claims before Magistrate Judge Boone. Specifically, Plaintiff alleges that prison officials retaliated against him by refusing to allow him to transpack with his necessary legal property, and that he did not receive all of the Court's relevant orders from the time period leading up to the settlement conference. Plaintiff therefore requests a stay of sixty days to allow him to draft several motions, including a motion for monetary sanctions against Defendant for violating the Court's June 19, 2019 order to transport Plaintiff to the settlement conference with his necessary legal property and for destruction of his legal documents and books, a motion compelling production of discovery, and a motion for summary judgment. (ECF No. 31, p. 5.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden

---

[1] Plaintiff filed a motion for sanctions on August 16, 2019. (ECF No. 36.) Defendant filed an opposition on September 5, 2019. (ECF No. 38.) This motion will be resolved by separate order.

of establishing the need to stay the action. Clinton, 520 U.S. at 708.

As noted above, Plaintiff has already filed a motion for sanctions against Defendant, which will be addressed in a separate order. (ECF No. 36.) Further, pursuant to the Court's August 5, 2019 discovery and scheduling order, the deadlines for the filing of any motions to compel or motions for summary judgment will not expire until April 5, 2020 and November 5, 2019, respectively. (ECF No. 33.) As such, Plaintiff has failed to establish the need to stay this action at this time, and the motion will be denied.

**III. Motion for Continuance**

In his motion for continuance of these proceedings, Plaintiff argues that he requires additional time to respond to Defendant's motion for summary judgment because he must conduct additional legal research and discovery. He therefore requests an extension of forty-five days to file his opposition. (ECF No. 39.) The Court construes the motion as a request for an extension of time to file an opposition to the pending motion for summary judgment. Having considered the request, and good cause appearing, Plaintiff's motion for extension of time will be granted, in part. The Court finds that an extension of thirty days, rather than forty-five, is appropriate under the circumstances.

**IV. Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for stay, (ECF No. 31), is DENIED;
2. Plaintiff's motion for continuance, (ECF No. 39), is GRANTED IN PART; and
3. Plaintiff's opposition to Defendant's motion for summary judgment is due within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated: **September 24, 2019**         /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

3