# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KNOWLTON,<br><br>　　　　　Defendant. | Case No.  1:18-cv-00851-NONE-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br>(ECF No. 45)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER NUNC PRO TUNC<br>(ECF No. 53) |

　　　　Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Knowlton for excessive force in violation of the Eighth Amendment.

　　　　The Court issued a Discovery and Scheduling Order on August 5, 2019.  (ECF No. 33.) Pursuant to that order, the deadline for completion of all discovery was set for April 5, 2020, and the deadline for filing dispositive motions is June 15, 2020.  (Id.)

　　　　On August 23, 2019, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies.  (ECF No. 37.)  Following an extension of time, Plaintiff filed his opposition on October 24, 2019, (ECF No. 43), and Defendant filed a reply on October 31, 2019, (ECF No. 44).  That motion is pending.

///

1

On December 16, 2019, Defendant filed a motion for protective order seeking relief from the obligation to respond to Plaintiff's November 20, 2019 discovery requests until forty-five days following the Court's ruling on the pending motion for summary judgment. (ECF No. 45.) Defendant argues that the pending summary judgment motion, if granted, will be dispositive of this action, and the motion can be decided without additional discovery. Defendant states that responses to Plaintiff's request for exhaustion-related discovery have already been provided. (Id.) Plaintiff filed his opposition on January 15, 2020. (ECF No. 47.) Plaintiff argues that the motion for protective order should be denied by referencing various other civil actions he has filed, and because his claim in this action is meritorious. (Id.) Defendant filed a reply on January 23, 2020, and argues that Plaintiff does not contend that additional discovery will be required for the Court to rule on the pending exhaustion-based summary judgment motion, and the validity of Plaintiff's claims alleged against prison officials in other lawsuits are not connected to the litigation of this case. (ECF No. 49)

On April 17, 2020, Defendant filed a motion to modify the discovery and scheduling order to reset the discovery deadline and the deadline for filing a dispositive motion for summary judgment. (ECF No. 53.) Defendant argues that the pending motion is dispositive of Plaintiff's excessive force claim in this action, and therefore Defendant has abstained from taking Plaintiff's deposition or engaging in any other discovery on the merits of Plaintiff's claim, because it may be unnecessary if the Court grants the pending summary judgment motion. Defendant argues that the request will not prejudice Plaintiff because he will also receive additional time to engage in discovery if this action proceeds to the merits of his claim. Although the discovery deadline expired on April 6, 2020, Defendant states that it was an oversight that counsel did not file a motion to modify the Discovery and Scheduling Order prior to the expiration of that deadline. (Id.) Although Plaintiff has not had an opportunity to respond to Defendant's motion, the Court finds a response unnecessary.

Defendant's motion for protective order and motion to modify the Discovery and Scheduling Order nunc pro tunc are deemed submitted. Local Rule 230(l).

///

Having considered the requests, the Court finds good cause to vacate the current discovery and non-exhaustion dispositive motion deadlines. Fed. R. Civ. P. 16(b)(4). The pending exhaustion-based summary judgment motion may be dispositive of the entire action, and therefore it would be a waste of resources for the Court and the parties to maintain the current deadlines in this action. The Court finds that Plaintiff will not be prejudiced by the relief requested, as both parties will be permitted to conduct additional discovery if the motion for summary judgment is denied.

Accordingly, it is HEREBY ORDERED as follows:

1. Defendant's motion for protective order, (ECF No. 45), is GRANTED IN PART;
2. Defendant's motion to modify the discovery and scheduling order nunc pro tunc, (ECF No. 53), is GRANTED;
3. The discovery and non-exhaustion dispositive motion deadlines set forth in the August 5, 2019 Discovery and Scheduling Order are VACATED; and
4. Once Defendant's motion for summary judgment on exhaustion grounds has been resolved, the Court will issue an amended discovery and scheduling order for the continuation of discovery and filing of dispositive motions.

IT IS SO ORDERED.

Dated: **April 20, 2020**        /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE