**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | No. 1:18-cv-00851-JLT-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER |
| v. | (Doc. 16) |
| KNOWLTON, | |
| Defendant. | |

**I.     Background**

Lawrence Christopher Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the assigned Magistrate Judge issued findings and recommendations in *Smith v. Chanelo*, Case No. 1:16-cv-01356-DAD-BAM (PC), recommending that: (1) the action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's

1

improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be dismissed for failure to state a cognizable claim. *Smith v. Chanelo*, Doc. 16. The Court adopted the findings and recommendations in full on June 20, 2018, and the misjoined claims were opened as separate actions. (Doc. 2.) Accordingly, the instant action was opened as *Smith v. Knowlton*, Case No. 1:18-cv-00851-JLT-BAM (PC) (previously 1:18-cv-00851-LJO-BAM). *See also Smith v. Weiss*, Case No. 1:18-cv-00852-DAD-BAM; *Smith v. Gibbs*, Case No. 18-cv-00854-DAD-BAM.

Following severance of the cases, Plaintiff filed several motions in the originating case of *Smith v. Chanelo*, seeking relief from judgment, a chance to further amend his complaint, and seeking reconsideration of the Court's judgment. *Smith v. Chanelo*, Docs. 20, 22, 23, 24. After reviewing all of Plaintiff's moving papers, including three proposed amended and supplemental complaints, the Court found no grounds that would warrant reconsideration of the earlier decision to sever the case and dismiss the otherwise unrelated claims. *Smith v. Chanelo*, Doc. 27.

On November 9, 2018, Plaintiff filed a motion for relief from judgment, motion for a preliminary injunction, and proposed amended complaint in the instant action, arguing as in *Smith v. Chanelo* that the Court erred in severing his various claims, his proposed amended complaint successfully alleged the existence of a vast and overarching conspiracy among the nearly 100 named defendants employed at multiple correctional institutions, county law enforcement and prosecutorial offices, and state courts, and that he was entitled to a preliminary injunction ordering CDCR officials to transfer him to federal custody for his own safety. (Doc. 6.) On April 2, 2019, the Court again found Plaintiff's arguments unpersuasive and found no grounds that would warrant reconsideration of the earlier decision to sever this case, allow the filing of an amended complaint to reconsolidate the various cases in one action, or the requested injunctive relief. (Doc. 8.)

**II.     Plaintiff's Renewed Motion for Relief from Judgment or Order**

On April 29, 2019, Plaintiff filed a renewed motion pursuant to Federal Rule of Civil

Procedure 60 for relief from judgment or order.[1] (Doc. 16.) In the motion, Plaintiff seeks reconsideration of the Court's April 2, 2019 order denying Plaintiff's previous motion for relief from judgment. Plaintiff again alleges that he should have been permitted leave to amend his complaint to allege a conspiracy that encompasses the claims raised in all of his severed actions, as well as his requested preliminary injunctive relief. In support of the motion, Plaintiff submits a declaration setting forth a series of allegations regarding retaliatory actions taken against him by different individuals at different institutions and other locations, along with nearly 200 pages of exhibits, to demonstrate that he has a basis for bringing a single case that incorporates all of these incidents into a single conspiracy. (*Id.*)

Plaintiff's motion again fails to allege any specific allegations demonstrating that Defendants shared the common objective of the conspiracy, instead relying on conclusory allegations that all the actions were somehow connected. The fact that Plaintiff alleges that each Defendant took some action detrimental to his cause is not sufficient to demonstrate that there existed an express or implied agreement among those defendants to have him harmed. Again, the Court finds no grounds that would warrant reconsideration of the earlier decision to sever this case, and the actions and claims will remain separate.[2] For the reasons stated, the Court

**ORDERS:**

1. Plaintiff's motion for relief from judgment or order, (Doc. 16), is DENIED; and
2. This action is referred to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **January 31, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] This motion was inadvertently not flagged for action by the Court's reporting/calendaring system resulting in the prolonged delay in resolution.

[2] Furthermore, due to previously noted prolonged delay in resolution of this motion, the other severed cases at issue have since been closed, rendering any request to consolidate the cases moot. *See Smith v. Chanelo*, Case No. 1:16-cv-01356-DAD-BAM (closed March 8, 2021); *Smith v. Weiss*, Case No. 1:18-cv-00852-DAD-BAM (closed March 5, 2021); *Smith v. Gibbs*, Case No. 1:18-cv-00854-DAD-BAM (closed March 29, 2021).