# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>              Plaintiff,<br><br>     v.<br><br>KNOWLTON,<br><br>              Defendant. | Case No.  1:18-cv-00851-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br>(ECF No. 36)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS, CONSTRUED AS A MOTION TO COMPEL DISCOVERY<br>(ECF No. 48) |

**I.      Procedural History**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Knowlton for excessive force in violation of the Eighth Amendment.  This case has a long procedural history, but the Court provides the following background as relevant to the motions addressed by the instant order.

On July 12, 2019, the parties participated in a settlement conference.  (ECF No. 27.)  As the settlement conference was not successful, the Court issued a Discovery and Scheduling Order on August 5, 2019.  (ECF No. 33.)

On August 16, 2019, Plaintiff filed a motion for sanctions.  (ECF No. 36.)  Defendant filed an opposition, (ECF No. 38), Plaintiff filed a supplemental brief in lieu of a reply, (ECF No.

1

41), and Defendant filed an opposition to the supplemental brief, (ECF No. 42).

During briefing on the motion for sanctions, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies. (ECF No. 37.) Following an extension of time, Plaintiff filed his opposition on October 24, 2019, (ECF No. 43), and Defendant filed a reply on October 31, 2019, (ECF No. 44). That motion is pending and will be addressed by separate findings and recommendations.

After the motion for summary judgment was fully briefed, Plaintiff filed another motion for sanctions on January 16, 2020. (ECF No. 48.) Defendant opposed the motion on February 7, 2020, (ECF No. 51), and Plaintiff did not file a reply.

Plaintiff's motions for sanctions are fully briefed and before the Court.[1] Local Rule 230(l). The August 16, 2019 motion for sanctions is denied and the January 16, 2020 motion is granted in part and denied in part, as discussed below.

## II.     Plaintiff's August 16, 2019 Motion for Sanctions

Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 37, because Defendant and defense counsel caused Plaintiff to miss the deadline to file his confidential settlement statement when they did not forward Plaintiff's legal mail to him following his transfer to another institution. (ECF No. 36.) Plaintiff did not receive the Court's order scheduling the settlement conference—and setting forth the requirements for filing a confidential settlement statement—until four days before the settlement conference, prejudicing Plaintiff before the Court. Plaintiff also alleges that the defense was involved in the destruction of Plaintiff's legal property by correctional staff, though he does not specify further details about this incident. Plaintiff seeks a monetary fine assessed jointly against Defendant and the defendants in Plaintiff's other cases and copies of the Court's local rules and other statutes lost.[2] (*Id.*)

///

---

[1] These motions were dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

[2] To the extent the motion raises other arguments going to the merits of this action, allegations regarding the actions of parties or attorneys involved in Plaintiff's other lawsuits, or Plaintiff's belief that all of his cases should be consolidated, those arguments have been repeatedly dismissed by the Court and will not be reconsidered here. (*See* ECF Nos. 8, 62.)

2

Defendant argues in opposition that Plaintiff's motion for discovery sanctions is frivolous because Plaintiff has not identified any discovery or disclosures that Defendant has failed to produce, and such failure would be impossible because the Court's Discovery and Scheduling Order was issued less than thirty days prior to the filing of Plaintiff's motion. (ECF No. 38.) Defendant seeks sanctions in the form of reasonable costs for opposing Plaintiff's frivolous motion and to deter Plaintiff from engaging in such litigation tactics in the future. (*Id.*)

In his supplemental brief filed in lieu of a reply, Plaintiff again argues that defense counsel censored Plaintiff's legal mail, preventing him from receiving the Court's order scheduling the settlement conference in this action, and destroyed Plaintiff's legal records relating to this action and Plaintiff's other litigation. (ECF No. 41.) As relief, Plaintiff seeks monetary sanctions "for the theft and/or destruction of [his] legal manuals" and that defense counsel bear the costs of the Court providing Plaintiff with copies of various federal and state statutes, case files for his other pending lawsuits, and the Court's local rules. (*Id.*)

Defendant opposed Plaintiff's supplemental brief, arguing that defense counsel have not, and could not, engage in the alleged conduct, and to the extent the Court considers the supplemental brief as an additional motion for sanctions, the Court should also award Defendant reasonable costs for opposing Plaintiff's second frivolous motion. (ECF No. 42.)

**A.     Legal Standards**

Broad sanctions may be imposed against a person or party for failure to obey a prior court order compelling discovery. Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. *Id.* Dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances—i.e., willful disobedience or bad faith. *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). Even a single willful violation may suffice depending on the circumstances. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest

3

concealment of critical evidence justified dismissal).

Courts also have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Fink v. Gomez*, 239 F.2d 989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).  Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." *Id.* at 994.  Conduct that is tantamount to bad faith includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.*

**B.     Discussion**

The Court finds that sanctions pursuant to Rule 37 are inappropriate where, as here, Plaintiff has not identified any failure by Defendant or defense counsel to comply with any discovery order, much less an order compelling discovery.

Plaintiff has also presented no evidence of bad faith on the part of Defendant or defense counsel that would support the imposition of sanctions pursuant to the Court's inherent authority. Plaintiff presents nothing more than his own conclusory allegations regarding Defendant or defense counsel's involvement in the processing of Plaintiff's legal mail or legal records, while defense counsel have submitted declarations signed under penalty of perjury asserting that they did not and could not have had any involvement in the processing or control of Plaintiff's mail or records.  (ECF Nos. 42-1, 42-2, 42-3.)  Plaintiff's unsupported assertions to the contrary are not sufficient to demonstrate the required bad faith necessary to warrant the imposition of sanctions.

With respect to Defendant's request for sanctions, the Court finds that while Plaintiff's motion is not supported by existing law, it is not clear that it was brought for an improper purpose, and therefore does not rise to the level of bad faith conduct.  However, Plaintiff is warned against filing future motions, unsupported by law or fact and raising issues that were already previously decided, that would unnecessarily expend the Court's scarce judicial resources.  Such motions may be subject to sanctions, up to and including terminating sanctions.

///


**III.     Plaintiff's January 16, 2020 Motion for Sanctions**

In this motion for sanctions, Plaintiff again asserts that the failure of defense counsel or CDCR officials to forward the Court's order regarding the July 12, 2019 settlement conference resulted in a violation of his right to access the courts.  (ECF No. 48.)  Plaintiff also argues that defense counsel did not adequately respond to Plaintiff's August 28, 2019 discovery requests, specifically Requests for Production Nos. 1, 5, 7, 9–12, and 15.  (*Id.*)

In opposition, Defendant contends that the motion for sanctions is premature, if not improper, because Plaintiff has yet to file a motion to compel and therefore Defendant has not yet failed to comply with any order compelling discovery.  (ECF No. 51.)  Further, even if the Court construes Plaintiff's motion for sanctions as a motion to compel further responses, Defendant's objections and responses to the requests for production at issue are proper.  (*Id.*)

The Court finds it appropriate to construe Plaintiff's motion for sanctions as a motion to compel discovery.  The motion to compel is denied, as discussed below.

**A.     Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action.  *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant

5

and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

**B.     Requests for Production of Documents ("POD") Nos. 1, 5, 7, 9–12, 15**

POD No. 1:

Copies of all correspondences submitted by me to the warden of CCI at Tehachapi K. Holland from the period of August 19th, 2013 until September 25, 2015 (To include staff complaints etc;)

Response to POD No. 1:

Defendant objects to this request because it is vague, ambiguous, compound, overbroad, and unduly burdensome as to time, scope, and content. Defendant further objects that this request seeks information that Defendant has already produced to Plaintiff with his motion for summary judgment and information that is contained within his central file and, therefore, equally available to him. Without waiving the objections, Defendant produces copies of the correspondence between Plaintiff and the Warden's Office between August 19, 2013, and September 19, 2015,

1 and the Inmate/Parolee Appeals Tracking System (IATS) report for Plaintiff's inmate appeals
2 submitted at CCI during the relevant period.
3      Ruling on POD No. 1:
4      Plaintiff's request is overly broad, unduly burdensome as to time, scope, and content, and
5 not proportional to the needs of this case.  This case proceeds *only* on Plaintiff's claim that
6 Defendant Knowlton used excessive force against Plaintiff on September 9, 2013.  (ECF No. 2.)
7 In spite of Defendant's proper objections, Defendant provided responsive documents covering the
8 relevant time period, and Plaintiff has not described how those responses are insufficient.
9 Defendant's objection to POD No. 1 is sustained.
10      POD No. 5:
11      A copy of the complaint Smith v. Becerra 2:19-cv-00287 KJM-DB-D to include the
12 documents filed in support of motion for a TRO/Prelim Injunction i.e., all exhibits and motions.
13      Response to POD No. 5:
14      Defendant objects to this request because it is vague, ambiguous, overbroad, unduly
15 burdensome, irrelevant to any claims or defenses in this action and not proportional to the needs
16 in this case.  Defendant further objects that this request seeks information that is equally available
17 to Plaintiff.
18      Ruling on POD No. 5:
19      Plaintiff's request is overly broad, irrelevant to any claims or defenses in this action, and
20 not proportional to the needs of this case.  This case proceeds *only* on Plaintiff's claim that
21 Defendant Knowlton used excessive force against Plaintiff on September 9, 2013.  (ECF No. 2.)
22 Despite Plaintiff's repeated assertions to the contrary, filings from Plaintiff's other cases are not
23 relevant to this action.  (*See* ECF Nos. 8, 62.)  Furthermore, these documents are not within
24 Defendant's custody or control, and are equally available to Plaintiff.  Defendant's objection to
25 POD No. 5 is sustained.
26      POD No. 7:
27      Copy of DOM (Dept Operations Manual) (for 2013) subsections governing use of
28 pepperspray/prohibited use of pepperspray, regulation concerning inmate holding food port/cuff

port hostage,

Response to POD No. 7:

Defendant objects to this request because it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is equally available to Plaintiff in the law library. Without waiving the objections, Defendant produces non-confidential portions of the DOM including sections 51020.15 through 51020.15.2, in effect on September 9, 2013. (*See* Defendants' privilege log for a list of documents not produced.)

Ruling on POD No. 7:

Defendant produced responsive documents to POD No. 7, including the non-confidential portions of the DOM in effect at the relevant time. Plaintiff's only argument is that the regulations are not confidential and are readily available to him or any inmate within the custody of the department upon request. (ECF No. 48, p. 7.) Accordingly, any relevant portions of the DOM that Plaintiff believes are responsive to this request are equally available to Plaintiff. Defendant's objection to POD No. 7 is sustained.

POD No. 9:

Copy of the Civil Docket for Case No. 1:10-cv-01814 DAD-JLT i.e., Smith v Allison

Response to POD No. 9:

Defendant objects to this request because it is overbroad, unduly burdensome, irrelevant to any claims or defenses and not proportional to the needs in this case. Defendant further objects that this request seeks information that is equally available to Plaintiff.

Ruling on POD No. 9:

Plaintiff's request is overly broad, irrelevant to any claims or defenses in this action, and not proportional to the needs of this case. This case proceeds *only* on Plaintiff's claim that Defendant Knowlton used excessive force against Plaintiff on September 9, 2013. (ECF No. 2.) Despite Plaintiff's repeated assertions to the contrary, filings from Plaintiff's other cases are not relevant to this action. (*See* ECF Nos. 8, 62.) Furthermore, these documents are not within Defendant's custody or control, and are equally available to Plaintiff. Defendant's objection to POD No. 9 is sustained.

8

1     POD No. 10:

2     Copies of any citizens complaints and/or staff complaints submitted against Officer D. Knowlton

4     Response to POD No. 10:

5     Defendant objects to this request because it is vague, ambiguous, overbroad as to time and subject matter, and unduly burdensome. Defendant also objects on the ground that this request seeks irrelevant information not proportional to the needs in this case; seeks inadmissible character evidence; and potentially calls for documents protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. Defendant further objects that this request also seeks documents that may contain confidential and private information about other inmates' medical conditions, custody classifications, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violates the inmates' rights to privacy and confidentiality. Without waiving the objections, Defendant produces the Inmate/Parolee Appeals Tracking System (IATS) report for Staff Complaints filed against Defendant with third party inmate information redacted. (*See* Defendants' privilege log for a list of documents not produced.)

18     Ruling on POD No. 10:

19     Plaintiff's request is overly broad, geared towards obtaining inadmissible character evidence, and not proportional to the needs of his case. Generally, evidence of a person's character is not admissible to prove they acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(a). It is well established that blanket requests for all grievances against defendants in order to establish a pattern of misconduct may be considered overbroad and burdensome. *Valenzuela v. Smith*, Case No. CIV S-04-0900 FCD DAD P, 2006 WL 403842, at *2 (E.D. Cal. Feb. 15, 2006). In light of the breadth of Plaintiff's request and Defendant's production of responsive documents, with appropriate redactions, the Court finds it unnecessary to address Defendant's assertion of the official information privilege. Defendant's objection to POD No. 10 is sustained.

POD No. 11:

All secondary reports generated in concern to Officer Knowlton's use of force against me i.e., CDCR forms 3010, 3011, 3012, 3034 and 3036

Response to POD No. 11:

Defendant objects to this request because the phrase "secondary reports generated in concern to Officer Knowlton's use of force against me" is vague, ambiguous and overbroad in time and subject matter. Defendant also objects to this request on the ground that it seeks irrelevant information not proportional to the needs in this case. Without waiving the objections, Defendant produces copies of the CCI Rules Violation Report, log number CCI-FB-13-09-0002, and the Incident Report, log number CCI-FB-13-09-0220.

Ruling on POD No. 11:

Although POD No. 11 is not specific as to time, the Court finds that in light of Defendant's production of the Rules Violation Report and Incident Report relevant to the use of force incident on September 9, 2013, the request is not vague and does not seek information that is irrelevant or disproportional to the needs in this case. Defendant does not address Plaintiff's request for secondary reports, which he specifies as CDCR forms 3010, 3011, 3012, 3034, and 3036, in either the objections to POD No. 11 or the opposition to the motion to compel. Nor does Defendant assert whether he engaged in a reasonable and diligent search for any other responsive information aside from the Rules Violation Report and Incident Report produced, whether the specified forms exist with respect to the September 9, 2013 use of force, and if they exist, whether they are subject to any form of privilege. As such, Plaintiff's motion to compel with respect to POD No. 11 is granted.

However, the Court finds it appropriate to stay any supplemental response to POD No. 11 pending resolution of Defendant's motion for summary judgment on the issue of exhaustion of administrative remedies. The Court granted Defendant's motion for a protective order relieving him of the obligation to respond to Plaintiff's November 20, 2019 discovery requests until the pending motion for summary judgment is resolved, as those requests are related to the merits of this action rather than the issue of exhaustion. (ECF No. 54.) The Court finds that POD No. 11 is

similarly related to the merits of this action, rather than exhaustion. Accordingly, Defendant is relieved of the obligation to serve a supplemental response to POD No. 11 until after resolution of the summary judgment motion.

To the extent Plaintiff believes sanctions are appropriate with respect to Defendant's original response to POD No. 11, any such request is denied. Defendant has not failed to obey an order to provide or permit discovery, Fed. R. Civ. P. 37(b)(2)(A), and the Court does not find evidence of bad faith, *Fink*, 239 F.2d at 991.

POD No. 12:

Copies of any reprimands demotions or adverse actions initiated against Officer Knowlton by CDCR based on improper conduct

Response to POD No. 12:

Defendant objects to this request because it is vague, ambiguous and overbroad as to time and subject matter. Defendant also objects to this request on the ground that it seeks irrelevant information not proportional to the needs in this case; seeks inadmissible character evidence; and potentially calls for documents protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. Defendant further objects that this request also seeks documents that may contain confidential and private information about other inmates' medical conditions, custody classifications, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violates the inmates' rights to privacy and confidentiality. Without waiving the objections, Defendant responds: there are no documents in Defendant's custody and control responsive to this request.

Ruling on POD No. 12:

Plaintiff's request is overly broad, geared towards obtaining inadmissible character evidence, and not proportional to the needs of his case. Generally, evidence of a person's character is not admissible to prove they acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(a). It is well established that blanket requests for all grievances against defendants in order to establish a pattern of misconduct may be considered overbroad and

burdensome. *Valenzuela v. Smith*, Case No. CIV S-04-0900 FCD DAD P, 2006 WL 403842, at *2 (E.D. Cal. Feb. 15, 2006). In light of the breadth of Plaintiff's request and Defendant's assertion that despite engaging in a diligent and reasonable search for any responsive information, no responsive documents were located, the Court finds it unnecessary to address Defendant's assertion of the official information privilege. Defendant's objection to POD No. 12 is sustained.

POD No. 15:

Copies of all CDCR 1083 forms generated in my name and signed by me from the period of January 1st, 2018 until present date

Response to POD No. 15:

Defendant objects to this request because it is irrelevant to any claims or defenses and not proportional to the needs in this case because the time period between January 1, 2018, and the current date are not at-issue in this case. Defendant further objects that this request is vague, ambiguous, overbroad, compound, and unduly burdensome.

Ruling on POD No. 15:

Plaintiff's request is overly broad, irrelevant to any claims or defenses in this action, and not proportional to the needs of this case. Plaintiff's argument that the documents are relevant to supporting his August 16, 2019 motion for sanctions is unpersuasive in light of the Court's denial of the motion by the instant order. Defendant's objection to POD No. 15 is sustained.

**IV.   Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for sanctions, (ECF No. 36), is DENIED;
2. Plaintiff's motion for sanctions, construed as a motion to compel discovery, (ECF No. 48), is GRANTED IN PART and DENIED IN PART, as follows:
    a. Plaintiff's motion to compel with respect to POD No. 11 is GRANTED; and
    b. Plaintiff's motion to compel with respect to POD Nos. 1, 5, 7, 9–10, 12, and 15 is DENIED; and

///

///

3. Defendant is relieved of the obligation to serve a supplemental response to POD No. 11 pending resolution of the motion for summary judgment on the issue of exhaustion of administrative remedies.

IT IS SO ORDERED.

Dated: **February 2, 2024**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE