# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KNOWLTON,<br><br>　　　　Defendant. | Case No.  1:18-cv-00851-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR LAW LIBRARY ACCESS<br>(ECF No. 46)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (EXHAUSTION)<br>(ECF No. 37)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## **FINDINGS AND RECOMMENDATIONS**

**I.      Background**

　　Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Knowlton ("Defendant") for excessive force in violation of the Eighth Amendment.

　　On August 23, 2019, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies for his excessive force claim against Defendant, as required by the Prison Litigation Reform Act.[1]  Fed. R. Civ. P. 56(c), *Albino v.*

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for

1

*Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 574 U.S. 968 (2014).  (ECF No. 37.)  Following an extension of time, Plaintiff filed his opposition on October 24, 2019, (ECF No. 43), and Defendant filed a reply on October 31, 2019, (ECF No. 44).

On January 8, 2020, while the motion for summary judgment was pending, Plaintiff filed a motion to compel the Secretary of CDCR to grant him law library access, which the Court construes as a motion for preliminary injunctive relief.  (ECF No. 46.)  Defendant did not file a response.

The motion for summary judgment and motion for preliminary injunctive relief are deemed submitted.[2]  Local Rule 230(l).

## II.     Plaintiff's Motion for Access to the Law Library

On January 8, 2020, Plaintiff filed a motion to compel the Secretary of CDCR to grant him law library access, which the Court construes as a motion for preliminary injunctive relief. (ECF No. 46.)  Plaintiff states that since he was transferred to CSP-Corcoran on June 28, 2019, correctional officials and staff have refused to allow Plaintiff access or adequate access to the facility law library.  (*Id.* at 3.)  Plaintiff argues that he requires access to the law library to conduct research in support of his pending motions to amend his complaint to consolidate his cases and requests regarding discovery sanctions against defense counsel.  (*Id.* at 3–4.)  Plaintiff requests that the Court order the Secretary of CDCR to order subordinate correctional officials to: (1) provide Plaintiff no less than eight logged hours per week of law library access; (2) in conjunction with law library access, provide Plaintiff twenty paging services requests per week for case law/statutes; and (3) that these orders be renewed every ninety days as necessary for Plaintiff to properly prosecute this action.  (*Id.* at 8.)

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

---

summary judgment.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 37-1.)

[2] These motions were dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

2

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. Plaintiff is requesting that the Court issue an order requiring the Secretary of CDCR and unspecified correctional officials to provide him access to the law library and paging services. The Secretary of CDCR and other correctional officials are not parties to this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985). Thus, the Court must deny Plaintiff's motion because it lacks jurisdiction over the Secretary of CDCR and other correctional officials.

1    Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. The motions for which Plaintiff seeks to conduct further research have been denied, (ECF Nos. 62, 63), and Plaintiff has identified no other matters for which he requires (or has been denied) law library access. The only other pending motion in this action is Defendant's motion for summary judgment, which is fully briefed, and Plaintiff did not state that further research or access to the law library was necessary in preparing his opposition to that motion. (*See* ECF No. 43.) The motion should therefore be denied.

### III.    Defendant's Motion for Summary Judgment

#### A.    Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

Defendant must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available

4

administrative remedies effectively unavailable to him. *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendant. *Id.* (quotation marks omitted).

### B.      Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

///

///

**IV.   Discussion**

    **A.   Summary of CDCR's Administrative Review Process**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)). *See also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

The process was initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. *Id.* at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. *Id.* at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. *Id.*

    **B.   Relevant Allegations in Operative Complaint**

This action proceeds on Plaintiff's claim that, on September 9, 2013, Defendant used excessive force against Plaintiff by dispensing an entire canister of O.C. pepper spray within Plaintiff's assigned cell when no threat of harm was present. (ECF No. 1, p. 5.)

///
///
///
///
///

6

      **C.**    **Undisputed Material Facts (UMF)[3]**

<u>The Parties</u>

1. Between, September 9, 2013, and September 14, 2016 ("the relevant period"), Plaintiff Lawrence Smith (F-29502), was a prisoner within the custody of the California Department of Corrections and Rehabilitation ("CDCR").  (ECF No. 1 ("Compl.").)
2. During the relevant period, Plaintiff was incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California.  (*Id.*)
3. During the relevant period, Defendant Knowlton was employed by CDCR at CCI.  (*Id.*)

<u>Plaintiff's Third Level Appeal History</u>

4. During the relevant period, Plaintiff submitted three non-health care appeals that were accepted and reviewed at the Third Level of review.  (ECF No. 37-4 ("Spaich Decl.") ¶¶ 7–9, Exs. 2–4.)
5. Of those three exhausted appeals, only one, log number CCI-14-01364, is related to Plaintiff's allegations against Defendant.  In that appeal, Plaintiff challenged CDCR's calculation of his Secured Housing Unit ("SHU") term for his disciplinary conviction for battering Defendant on September 9, 2013.  (*Id.* ¶ 9, Ex. 3.)
6. Plaintiff also submitted nine additional non-health care appeals that were screened-out, rejected, and/or cancelled at the Third Level during the relevant period.  (*Id.* ¶ 11, Exs. 1, 5–10.)
7. However, only six of Plaintiff's eight screened-out, rejected, and/or cancelled appeals could be located because the Office of Appeals ("OOA") did not start retaining copies of screen-out letters until after September 2014.  (*Id.* ¶ 10, Exs. 1, 5–10.)

///

---

[3] ECF No. 37-3.  Plaintiff did not provide a separate statement of undisputed facts in his opposition.  Local Rule 260(a).  As a result, Defendant's Statement of Undisputed Material Facts in support of his motion for summary judgment is accepted except where brought into dispute by Plaintiff's verified complaint, (ECF No. 1), and verified declaration in support of his opposition to the motion for summary judgment, (ECF No. 43, pp. 7-9).  *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence; *Johnson v. Melzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions).  Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

8. Of those six screened-out, rejected, and/or cancelled appeals, only one, included Plaintiff's excessive force allegations in his complaint against Defendant.  (*Id.* ¶ 11, Ex. 10.)

9. However, that appeal was screened-out and rejected at the Third Level because Plaintiff attempted to bypass the lower levels of institutional review.  (*Id.*)

Plaintiff's Institutional Level Appeal History at CCI

10. During the relevant period, Plaintiff submitted a total of eight non-health care appeals that were accepted and reviewed at the First and/or Second Level of review by OOA at CCI.  (ECF No. 37-5 ("Hosey Decl.") ¶ 8, Exs. 1–9.)

11. Of those eight non-health care appeals, only one, log number CCI-14-01364, relates to Plaintiff's allegations against Defendant in this action.  In that appeal, Plaintiff challenged CDCR's calculation of his SHU term for his disciplinary conviction for battering Defendant on September 9, 2013.  (*Id.* ¶ 9, Ex. 5.)

12. However, Plaintiff did not submit any other appeals raising the excessive force allegations in his complaint or any allegations against Defendant during the relevant period.  (*Id.* ¶ 10, Exs. 1–9.)

13. Plaintiff also submitted two non-health care appeals that were screened-out and/or cancelled at the First Level at CCI during the relevant period.  (*Id.* ¶ 11, Exs. 10–11.)

14. None of those three screened-out, rejected, and/or cancelled appeals included Plaintiff's allegations in his complaint and/or any allegations against Defendant.  (*Id.* ¶ 11, Exs. 10–12.)

**D. Discussion**

    1. Parties' Positions

Defendant contends that the only relevant appeal that Plaintiff submitted and exhausted was his challenge of the SHU term CDCR assessed Plaintiff for battering Defendant on September 9, 2013, but Plaintiff did not raise or exhaust his excessive force claim against Defendant in that appeal.  It is undisputed that the administrative appeal procedure at CCI was available to Plaintiff because he properly submitted and exhausted three appeals originating from

CCI during the relevant period, including Plaintiff's challenge to the SHU term. Plaintiff could have raised the excessive force claim against Defendant in that appeal, or another separate appeal, but did not. To the extent the Court finds any genuine disputes of material fact regarding exhaustion, Defendant requests that the Court set a preliminary evidentiary hearing to resolve any such disputes before the parties proceed to the merits of this case. *Albino*, 747 F.3d at 1168, 1170–71.

Plaintiff argues in opposition that after he was found guilty of battery against Defendant on October 30, 2013, Plaintiff was moved to another facility and his personal property was seized, preventing him from submitting the necessary documents for his appeal. After he was unable to obtain the needed documents through appeals regarding his property or a request for an Olsen review of his central file, he submitted a citizens/staff complaint directly to the Third Level of review. When the appeals coordinator or Third Level Appeals Chief declined to allow Plaintiff to bypass the lower levels of review, Plaintiff contends that he had thereby exhausted all of his available administrative remedies.[4]

In reply, Defendant argues that Plaintiff's first appeal challenging his RVR conviction does not exhaust Plaintiff's administrative remedies regarding the underlying incident at issue in the RVR. Plaintiff's second appeal was rejected by the Third Level through enforcement of a procedural bar, and was never considered on the merits. Even if CDCR had considered the merits of that appeal, it would not have exhausted Plaintiff's excessive force claim because Plaintiff continued to challenge the validity of his RVR conviction, not the alleged excessive force.

### 2. CCI-14-01364

The Court finds, and Plaintiff does not appear to contest, that CCI-14-01364, though relevant to the events of September 9, 2013, did not exhaust Plaintiff's administrative remedies with respect to his claim in this action. In CCI-14-01364, Plaintiff challenged CDCR's

---

[4] To the extent Plaintiff's opposition to the motion for summary judgment raises other allegations regarding claims raised in or actions committed by parties or attorneys involved in Plaintiff's other lawsuits, or Plaintiff's belief that all of his cases should be consolidated, those arguments have been repeatedly dismissed by the Court and will not be reconsidered here. (*See* ECF Nos. 8, 62.) Similarly, to the extent Plaintiff raises arguments regarding his requests for sanctions against defense counsel in this action, those arguments have been rejected and are not relevant to the motions under consideration here. (ECF No. 63.)

calculation of the SHU term Plaintiff received for the disciplinary conviction for battering Defendant on September 9, 2013. UMF 11. At no point in the processing of CCI-14-01364 did Plaintiff identify Defendant Knowlton or refer to a use of force by Defendant. (*See* ECF No. 37-5, pp. 77–80.) As such, CCI-14-01364 did not exhaust Plaintiff's administrative remedies with respect to Plaintiff's claim that Defendant used excessive force against him on September 9, 2013.

The undisputed evidence further shows that Plaintiff failed to exhaust his administrative remedies against Defendant, as no other grievances filed by Plaintiff during the relevant time were relevant to the September 9, 2013 incident or were exhausted through the Third Level.

### 3. TLR# 1403002 and Availability of Grievance Process

Plaintiff identifies the remaining relevant appeal as TLR# 1403002, submitted October 9, 2014. (ECF No. 37-4, pp. 271–77.)

The Court finds that although TLR# 1403002 presented another challenge to Plaintiff's RVR conviction, it also adequately placed prison officials on notice of Plaintiff's claim that Defendant used excessive force against him on September 9, 2013. UMF 8. Specifically, Plaintiff states that on September 9, 2013 he was "subjected to an assault on my persons by one Correctional Officer J. Knowlton in CCI," (ECF No. 37-4, p. 272), and that Officer Knowlton "used impermissible force against my persons," (*id.* at 274). Nevertheless, the appeal was rejected, on procedural grounds, because Plaintiff attempted to bypass the lower levels of review. UMF 9.

Plaintiff argues that he submitted the appeal directly to the Third Level because officials confiscated his legal property, preventing him from attaching the documents necessary to submit an appeal at the lower levels of review, and the Third Level's refusal to accept his appeal constitutes exhaustion of his administrative remedies. Plaintiff states in TLR# 1403002 that he has no documents to attach because "CDCR officials have confiscated allowable property on 10-30-13/11-15-13 and [he] has not seen said property since," (ECF No. 37-4, p. 272), and that given his "inherent difficulties in having any type of appeal concerning this action heard on its merits due to impermissible interference by Correctional officials I submit this Citizens Complaint for

10

the third time to officials," (*id.* at 274). Plaintiff further attached a letter to the Chief Inmate Appeals Branch explaining "I am submitting for the third (3) time an Citizens Complaint Against An Peace Officer to said office. I am not in concern of anything other than an log# from your office stating that you have received said complaint." (*Id.* at 276.)

Despite Plaintiff's statements in TLR# 1403002, Plaintiff has not otherwise identified, nor has the Court located in any of the parties' exhibits, any evidence that Plaintiff made prior attempts to submit a grievance regarding Defendant's September 9, 2013 use of force, at any level of review. CCI-14-01364 was the only appeal relevant to Plaintiff's claim in this action, and the parties do not dispute that that appeal challenged only the calculation of Plaintiff's SHU term. While Plaintiff argues that the confiscation of his property prevented him from appealing the use of force, TLR# 1403002 itself demonstrates that Plaintiff could have submitted an appeal to the institutional level of review and included an explanation for his missing documentation. Had the appeal then been cancelled for lack of supporting documents, Plaintiff could have appealed the cancellation. However, Plaintiff has failed to identify any evidence in support of his argument that he made any earlier attempts to submit his grievance at a lower level but was prevented from doing so. Based on the evidence in the record, the Court finds that there were administrative remedies available to Plaintiff, and any confiscation of his property does not excuse Plaintiff's failure to fully exhaust his excessive force claim against Defendant.

## V. Recommendations

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for law library access, (ECF No. 46), be denied; and
2. Defendant's motion for summary judgment for failure to exhaust, (ECF No. 37), be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to

11

Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 6, 2024**                        /s/ Barbara A. McAuliffe              _
                                                   UNITED STATES MAGISTRATE JUDGE