1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11 LAWRENCE CHRISTOPHER SMITH,     No.  1:18-cv-00851-JLT-BAM (PC)

12             Plaintiff,               Appeal No.  24-3208

13       v.                     ORDER ISSUING INDICATIVE RULING
THAT THIS COURT WILL DENY

14 KNOWLTON,                  PLAINTIFF'S MOTION FOR
RECONSIDERATION

15             Defendant.

16                         (Doc. 73)

17       Plaintiff Lawrence Christopher Smith, a state prisoner, proceeded *pro se* and *in forma*

18 *pauperis* in this civil rights action under 42 U.S.C. § 1983.

19       On April 17, 2024, the undersigned adopted in full the magistrate judge's Findings and

20 Recommendations to deny Plaintiff's motion for law library access and grant Defendant's motion

21 for summary judgment (exhaustion).  (Docs. 64, 71.)  The action was dismissed, without

22 prejudice, for failure to exhaust administrative remedies.  (Doc. 71.)  Judgment was entered the

23 same date.  (Doc. 72.)

24       On May 17, 2024, Plaintiff filed a motion for reconsideration and a notice of appeal.

25 (Docs. 73, 74.)[1]  The notice of appeal was processed to the Ninth Circuit Court of Appeals on

26

---

27 [1] Generally, the filing of a notice of appeal divests a district court of jurisdiction "over those aspects of the
case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). There is authority

28 indicating that simultaneous filings do not operate to divest a district court of jurisdiction. *Sanders v.
Matthew*, No. 1:15-CV-00395-LJO-EPG, 2016 WL 11486352, at *1 n.1 (E.D. Cal. Mar. 9, 2016). Even if

1  May 20, 2024, and assigned Case Number 24-3208.  (Docs. 75, 76.)

2        Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

3  district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

4  on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

5  evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

6  been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

7  Fed. R. Civ. P. 60(b).  Additionally, pursuant to this Court's Local Rules, when filing a motion

8  for reconsideration of an order, a party must show "what new or different facts or circumstances

9  are claimed to exist which did not exist or were not shown upon such prior motion, or what other

10  grounds exist for the motion."  Local Rule 230(j).

11        Although the title of Plaintiff's motion for reconsideration references the magistrate

12  judge's order granting Plaintiff's motion for extension of time to file objections to the findings

13  and recommendations, (Doc. 66), it appears Plaintiff is seeking reconsideration of the Court's

14  grant of Defendant's motion for summary judgment.  (Doc. 73, p. 17 ("Accordingly I pray for the

15  relief requested which is that the defendant's motion for summary judgment be denied . . .").)

16  Though Defendant has not had the opportunity to file a response, the Court finds a response

17  unnecessary.  Plaintiff's motion for reconsideration of the Court's order adopting the Findings

18  and Recommendations to grant Defendant's motion for summary judgment (exhaustion) is

19  deemed submitted.  Local Rule 230(l).

20        Having reviewed the motion, the Court does not find that it supports relief under Rule

21  60(b).  Plaintiff briefly argues that, prior to filing a grievance at the third level of review (TLR),

22  on several occasions he sought to have his claims heard at the second level of review (SLR).

23  However, Plaintiff provides no other facts or exhibits to support these allegations, does not

24  explain why he did not previously raise this argument, and does not explain how such attempts to

25

26  the notice of appeal did divest this Court of jurisdiction, Federal Rule of Civil Procedure 62.1 permits the
Court to treat Plaintiff's motion as a request for an indicative ruling. Fed. R. Civ. P. 62.1(a); *see also*
*Braun–Salinas v. Am. Family Ins. Grp*., No. 3:13-CV-00264-AC, 2015 WL 128040, at *2 (D. Or. Jan. 8,

27  2015) (applying Rule 62.1 to a motion for reconsideration filed after a notice of appeal); *Howery v. Boeing*
*Co*., No. C14-01555 RSM, 2015 WL 4394760, at *2 (W.D. Wash. July 16, 2015) (same). In an abundance

28  of caution, the Court will take the route of issuing an indicative ruling here.

bypass the institutional level of review would support a finding that Plaintiff failed to exhaust available administrative remedies.  (*See* Doc. 73 at 4.)  The remainder of Plaintiff's lengthy motion and unincorporated exhibits either reiterate arguments previously raised in previous filings in this action or details recent incidents that occurred since this case was filed—none of which appear to have any bearing on the question of whether Plaintiff exhausted his available administrative remedies for the claim at issue in this action.  Thus, the Court does not find that Plaintiff presents any new or different facts, circumstances, or evidence such that reconsideration of the prior order and judgment would be appropriate.

Accordingly, for the reasons set forth above the Court makes the following indicative ruling pursuant to Federal Rule of Civil Procedure 62.1.

1.      If the Court of Appeals remands this case for the undersigned to rule on the pending motion for reconsideration (or if Plaintiff were to voluntarily dismiss the appeal), the Court will **DENY** Plaintiff's motion for reconsideration. (Doc. 73).

2.      The Clerk of the Court is directed to terminate the open motion and send a copy of this order to the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **May 21, 2024**

UNITED STATES DISTRICT JUDGE